**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 02-0061** |
| **BRANDON LaCROIX** | **SECTION "K"** |

## ORDER AND REASONS

Before the Court is a Motion to Amend Judgment Pursuant to 18 U.S.C. § 3582, or in the Alternative Motion to Vacate Plea Pursuant to 28 U.S.C. § 2241 (Doc. 27) filed by Brandon LaCroix ("LaCroix") on February 22, 2005, and a Motion under 28 U.S.C. 2255 (Doc. 30) filed on April 25, 2005. Having reviewed the pleadings, memoranda, exhibits and the relevant law, the Court finds no merit in relief sought under section 3582. Furthermore, it does not have jurisdiction to rule on the relief sough under section 2241. In addition, the section 2255 relief is improvidently brought considering defendant's previous waiver at the time of his plea of such relief, his failure to obtain a Certificate of Appealability to file a successive motion thereunder and a lack of merit as to the substantive relief sought.

**I.     Background**

On February 22, 2002, by a federal grand jury handed down a three count indictment against Brandon LaCroix charging him with violations of the Federal Controlled Substances Act. This indictment arose out of an incident occurring on December 28, 2001, wherein Brennon Bourgeois[1] ("Bourgeois"), the victim of the crime, LaCroix and other young adults were at a local bar. LaCroix invited them to "do a hit" of gamma hydroxybutyric acid (GHB) in his car. They did so, all ingesting a dose of GHB. After that, they re-entered the bar. Bourgeois then apparently was unable to stand on his own and was taken outside. Bourgeois became unresponsive and started having a hard time breathing. They placed Bourgeois in LaCroix's car.

LaCroix was in the process of taking Bourgeois to the hospital when he learned that his bottle of GHB had overturned, causing him to loose $300.00 in drugs. Blaming Bourgeois for the loss, LaCroix refused to take Bourgeois to the hospital. Eventually two other individuals took Bourgeois to the hospital where he was placed on life support systems. On January 8, 2002, Bourgeois was declared legally dead by the staff at the Medical Center of Louisiana. The cause of death was GHB which is a respiratory depressant drug.

LaCroix was charged in Count 1 with knowingly and intentionally possessing with the intent to distribute a quantity of GHB in violation of 21 U.S.C. § 841(a)(1) and §841(b)(1)(C); in Count 2 with knowingly and intentionally distributing a quantity of GHB to Bourgeois which caused serious bodily injury and the death of Brennon Bourgeois in violation of 21 U.S.C. § 841(a)(1) and

---

[1]This synopsis is derived from the Factual Basis to which the defendant attested to its veracity at the sentencing hearing.

§841(b)(1)(C)[2]; and in Count 3 with knowingly and intentionally distributing a quantity of heroin in violation of 21 U.S.C. § 841(a)(1) and §841(b)(1)(C).

After a period of plea negotiations, LaCroix entered a Rule 11(e)(1)(C) guilty plea to Count 1 only of the Indictment, provided the Court accepted the terms of the plea. Under its terms, LaCroix would be sentenced to a term of imprisonment of twelve years which was to run consecutively to any imprisonment he received in *State of Louisiana v. Brandon LaCroix*, Cas. Nos. 99-7548 and 99-7549 K in the 24th Judicial District in Jefferson Parish. It should also be noted that LaCroix was on probation on another state offense when he committed this crime. He also agreed not to contest his sentence in any post conviction proceeding, including but not limited to a proceeding under 18 U.S.C. § 2255. The judgment of the Court was entered on June 25, 2002 with his conviction becoming final 10 days later.

On June 26, 2003, the defendant, through counsel, filed a motion pursuant to 28 U.S.C. § 2255 seeking an amended judgment that would recommend petitioner for participation in the Intensive Confinement Center (ICC) "bootcamp" program, as well as the Bureau of Prison's residential drug treatment program. On August 15, 2003, a Motion to Withdraw Pending Petition Under 28 U.S.C. § 2255 was filed, and in an order of LaCroix's counsel's own crafting, sought the dismissal with prejudice of the § 2255 petition. That motion was granted by the Court on August 15, 2003.

---

[2] Note that under this statute, the statutory sentence for Count 2 is not less than twenty years or more than life and a fine of $1,000,000.00.

Lacroix filed the subject Motion to Amend Judgment with respect to the sentence entered pursuant to the Rule 11(e)(1)(C)[3] plea agreement. Defendant seeks relief based on *Blakely v. Washington*, 124 S. Ct. 2531 (2004). Lacroix maintains that he received a "significantly enhanced sentence, albeit an agreed upon sentence, based upon the erroneous assumption that the enhanced penalties for death or serious bodily injury were not material elements of the offense, which petitioner had a right to trial by jury and findings beyond a reasonable doubt.

II.   Analysis

    A.   **Motion to Amend Judgment Pursuant to 18 U.S.C. § 3582, or in the Alternative Motion to Vacate Plea Pursuant to 28 U.S.C. § 2241– Procedural** Deficiencies

        1.   **Section 3582**

Apparently, to avoid the procedural impediments defendant faces under 28 U.S.C. § 2255 because (1) this motion was filed more than one-year after the finality of the judgment; (2) is successive and (3) its filing was a right waived in the plea agreement, LaCroix has filed this motion pursuant to 18 U.S.C. § 3582, or in the alternative, 28 U.S.C. § 2241. Neither of these statutes provides for the relief sought.

Assuming that the defendant seeks relief pursuant to 18 U.S.C. § 3582(c)(2)[4], that statute provides that:

---

[3] That statute was re-designated as Rule 11(c)(1)(C) in 2002 after this plea was taken.

[4] LaCroix has not stated precisely which subsection of this statute upon which he relies. By process of elimination, the Government has correctly noted that this subsection is the only possible alternative.

> (c) **Modification of an imposed term of imprisonment.**–The court may not modify a term of imprisonment once it has been imposed except that–
> > (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) , upon motion of the defendant, . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

28 U.S.C. § 3582(c)(2). Clearly under the plain language of this statute, it is inapplicable. Defendant seeks an amendment of his sentence based on *Blakely v. Washington*, 124 S. Ct. 2531 (June 24, 2004), not any decision of the Sentencing Commission which lowered a sentencing range subsequent to the defendant's sentencing. This statute's application is strictly limited to retroactive guideline amendments. *United States v. Shaw*, 30 F.3d 26, 29 (5th Cir. 1994).

### 2. Section 2241

As stated recently by the United States Court of Appeals for the Fifth Circuit:

> Section 2255 provides the primary means of "collaterally attacking a federal sentence," *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir.2000), and is the appropriate remedy for "errors that occurred at or prior to the sentencing." *Cox v. Warden, Fed. Detention Ctr.,* 911 F.2d 1111, 1113 (5th Cir.1990) (internal quotations marks and citation omitted). Section 2241, on the other hand, is the proper procedural vehicle in which to raise an attack on "the manner in which a sentence is executed." *Tolliver,* 211 F.3d at 877. A petition filed under § 2241 that attacks errors that occurred at trial or sentencing is properly construed as a § 2255 motion. *Id.* However, a § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained under the savings clause of § 2255 if the petitioner establishes that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention. *Tolliver,* 211 F.3d at 878; *see also Christopher v. Miles,* 342 F.3d 378, 381-82 (5th Cir.2003).
> Only the custodial court has the jurisdiction to determine whether a

petitioner's claims are properly brought under § 2241 via the savings clause of § 2255. *Hooker v. Sivley,* 187 F.3d 680, 682 (5th Cir.1999).

*Padilla v. United States,* ____ F.3d ____, 2005 WL 1595291, *1 -2 (5th Cir. 2005); *see also Lee v. Wetzel,* 244 F.3d 370, 373-75 (5th Cir.2001). As the defendant is presently incarcerated in Beaumont, Texas, this Court is without jurisdiction to make a savings clause determination under section 2241. Thus, it must deny that portion of the motion without prejudice.

**B.     Second Section 2255 Petition**

Subsequent to the filing of the section 2241 motion, the defendant filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. (Doc. 30). To the form provided for such a filing, he attached a copy of the instant "Motion to Amend Judgement Pursuant to 18 U.S.C. § 3582, or in the alternative Motion to Vacate Plea pursuant to 28 U.S.C. § 2241." Thus, the Court has before it the same petition, filed as a section 2255, and it must analyze its viability as such.

To begin, LaCroix specifically waived his right to post-conviction relief in his plea and does not raise an ineffective assistance of counsel argument. As such, the relief should be denied. *United States v. White*, 307 F.3d 336. As stated in *U.S. v. Wilkes*, 20 F.3d 651 (C.A.5 (Tex.),1994):

> Under *United States v. Melancon,* 972 F.2d 566, 567 (5th Cir.1992), a defendant can waive his right to appeal as part of a plea agreement if the waiver is informed and voluntary. "It is up to the district court to insure that the defendant fully understands [his] right to appeal and the consequences of waiving that right." *United States v. Baty,* 980 F.2d 977, 979 (5th Cir.1992).

*Id.* at 653.

In addition, this petition is a successive petition such that LaCroix is required to obtain a Certificate of Appealability under 28 U.S.C. 2244(b)(3)(A) which states, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, the section 2255 petition shall be dismissed without prejudice for his failure to obtain leave.

The Court would note in relation to these claims that the Fifth Circuit has squarely held while the Supreme Court has not rendered any decision or combination of decision expressly so states, it is clear that *Blakely* and *United States v. Booker/FanFan*, 543 U.S. ___, 125 S. Ct. 785 (Jan. 12, 2005) do not apply retroactively on collateral review.  In re Elwood, 408 F.3d 211, 213 (5th Cir. 2005). In so doing, it expressly joined the United States Courts of Appeal for the Third, Tenth, Eleventh and Seventh Circuits holding that *Booker* "does not apply retroactively on collateral review for purposes of a successive § 2255 motion."   citing In re Olopade, 403 F.3d 159, 160 (3d Cir. 2005); Bey v. United States, 399 F.3d 1266, 1269 (10th Cir. 2005); In re Anderson, 396 F.3d 1336, 1339 (11th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005); Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005).

Even if the subject petition were not successive, under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),Publ. L. 104-132, 110 Stat. 1214 (1996), there is a one-year statute of limitations period in which a defendant may file for relief under § 2255. The statute reads in relevant part:

(d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

. . .

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

. . . .

28 U.S.C. § 2244(d).   As noted earlier, the judgment in this matter became final ten days after June 25, 2002.  Thus, it is untimely under subsection (d)(1).  Furthermore, there is no retroactive application of *Blakely* as noted above.

Finally, if the Court were able to address the merits, this petition fails in light of the holding in *Booker/FanFan.*   In *Blakely,* the Supreme Court held that a state sentencing guideline scheme which allowed enhancements without the underlying facts being found by a jury was unconstitutional.  This decision raised a question as to whether the United States Sentencing Guidelines and its use of enhancements was constitutional.  However, the Supreme Court's holding in *United States v. Booker/FanFan*, 543 U.S. ___, 125 S. Ct. 785 (Jan. 12, 2005), has resolved that question.  In *Booker/FanFan*, a majority of the Supreme Court found that the Federal Sentencing Guidelines were unconstitutional because their mandatory nature had judges, and not juries, finding facts that enhanced sentences. Steven G. Kalar, *A Booker Advisory: Into the Breyer Patch*, 29 MAR Champion 8 (March 2005).    Then, a different

majority, severed and excised that portion of the Sentencing Reform Act of 1984 that made the Guidelines mandatory in nature. The Guidelines are now advisory in nature, requiring a sentencing court to consider the Guideline ranges, including the enhancements, but permitting a court to tailor the sentence in light of other statutory concerns.

As state by Judge Stagg in *United States v. Jones*, 2005 WL 1704910 (W.D. La. July 20, 2005):

> In *United States v. Mares,* the Fifth Circuit Court of Appeals held that judicial fact-finding is permissible. *See United States v. Mares,* 402 F.3d 511 (5th Cir.2005). The court explained that, "[t]he Guideline range should be determined in the same manner as before *Booker/Fanfan." Id.* at 519. The court went on to hold that, *"Booker* contemplates that, with the mandatory use of the Guidelines excised, the Sixth Amendment will not impede a sentencing judge from finding all facts relevant to sentencing." *Id.* (citing *Booker,* 125 S.Ct. at 750, 764). It is clear that in spite of *Booker,* this court was free to consider aggravating factors without violating his Sixth Amendment rights. His argument that a judge acting alone cannot increase his sentence is without merit.

*Id.* at *3. Considering the facts surrounding this case, there is no doubt in the Court's mind that it would have given the exact same sentence had the Guidelines been advisory at the time, and it would not have been unconstitutional to have done so, particularly in light of the sentence having been agreed to under Rule 11(e)(1)(c). Accordingly,

**IT IS ORDERED** that Motion to Amend Judgment Pursuant to 18 U.S.C. § 3582, or in the Alternative Motion to Vacate Plea Pursuant to 28 U.S.C. § 2241 (Doc. 27) is **DENIED** with prejudice as to the relief sought pursuant to 18 U.S.C. § 3582 and **DISMISSED** without prejudice as to the relief sought pursuant to 18 U.S.C. § 2241.

**IT IS FURTHER ORDERED** that the Motion under 28 U.S.C. 2255 (Doc. 30) is **DISMISSED without prejudice** for plaintiff's failure to obtain a Certificate of Appealability pursuant to 28 U.S.C. 2244.

New Orleans, Louisiana, this 17th day of August, 2005.

_____
**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE**